DENNIS HALKIAS AND JULIA HALKIAS, HIS WIFE, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17444.   Promulgated June 21, 1949.

*Gregory G. Lagakos, Esq.,* for the petitioners.
*Karl W. Windhorst, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner has determined that the petitioner's distributable shares of the income of the joint venture for 1942 and 1943 were certain amounts. The petitioner has not argued or offered evidence to show that the income of the joint venture for those years was less than the amounts determined by the Commissioner. The statute provides that a joint venture shall file an information return as if it were a partnership and each participant shall report his distributive share of the income, whether distributed or not. Secs. 182 and 3797 (a) (2). Thus, a joint venturer does not escape tax on his distributive share merely because it did not actually come into his hands or even because he did not determine what his share was. Nor can he escape tax on his share of the income for some intervening year merely because in some prior year he may have put more into the joint venture than he finally got out of it in a later year. In other words, the annual net income of the joint venture is taxable to the joint venturers in that year. Here the joint venture had income during 1942 and 1943 which was taxable to someone. The question is whether this petitioner was a member of the joint venture during those years so that a part of the income was taxable to him.

The petitioner contends that he had no knowledge during 1943 or prior thereto that any funds of his were being used in a joint venture, that he was a member of a group operating as a joint venture, or that there was any joint venture in operation in which he had an interest. The disclosure, which was made just before his brother's death in 1944, that a large fund was in existence and that it belonged to a joint venture in which he was recognized as a participant because portions of his salary had been contributed to and used in the joint venture, came, he says, as a complete surprise to him. He concludes that he could not be taxed upon income of the joint venture for 1942 and 1943 under such circumstances. There is some evidence to support his contention that he did not know what was going on, but there is other evidence to show that he knew something about the joint venture all along.

The case is rather unusual, and it is difficult to determine, from observing the witnesses and from the record as a whole, just how ignorant or how informed the petitioner was, prior to 1944, of the improper, dishonest, and illegal accounting and financial transactions which were taking place. However, several important facts are clear enough. The petitioner was secretary of each of the two corporations. He insists that he received all of his salary from one corporation. The amount of the salary admittedly received by him would indicate that he was not a dummy officer or employee. He does not contend herein

that he was not entitled to or taxable on the much larger amounts of salaries which he reported for 1942 and 1943, although he failed to receive large portions of those salaries. The inference, that he voluntarily and consciously permitted the active joint venturers to use those funds, naturally arises from these circumstances. De Olden testified that the petitioner was aware of what was going on. The petitioner offers inadequate excuses for signing his returns and the June 1944 agreements and for receiving a distribution from the joint venture. He wanted to have and he obtained his share of the joint venture funds. He ratified the acts of those who had conducted the joint venture in his behalf by signing the settlement agreements in June 1944 and by taking his share of the remaining assets of the joint venture. One who willingly or through indifference allows others to use his funds and then acknowledges that he was a joint venturer with them, entitled to a share of the remaining assets of the joint venture, must be recognized as a joint venturer despite his protestations of ignorance of the whole situation.

No separate argument was made on the negligence issue. Apparently the petitioner's thought is that it will depend upon the main issue. The determination of the Commissioner will not be disturbed.

*Decision will be entered for the respondent.*